Good morning, your honors. Robert Powell on behalf of Mr. Zuniga. There are two points that I would like to discuss this morning. First, the immigration judge's decision in this case, which was just 10 words, incomplete sentence, is not legally adequate, legally inadequate for purposes of review, and the decision is just factually and legally incorrect. A second point that I would like to discuss is in response to this court's order regarding the Chevron and our deference. I'll begin with that second point. The issue of deference arises, I suppose, because the statute, section 1228b4b, provides that in expedited proceedings, such as we have here, the respondent has a right to representation by counsel. And seem to backtrack from that and take that right away. So Chevron deference, does Chevron deference, or how does that apply here? Does the court need to give deference to that, to the regulation? Of course, in the first step in the Chevron analysis is whether the statute, you look at the statutory language, whether that is clear and unambiguous. And in doing that, in considering that first step, the of statutory analysis. First of all, I think the statute here, 1228b4b, is clear and unambiguous. It specifically says that a person has a right or a privilege, it says the privilege to representation, in accordance with the respondent's choice. There are a couple other things, I think, in understanding the framework, the broader statutory framework, a couple other points to keep in mind. First of all, the implementing regulations in Section 128 CFR, Section 1238.1, seem to recognize, do recognize, that the person has a right to counsel as well. So the implementing regulations under Section 1228... I had trouble seeing, when I read the transcript, I had trouble seeing why he wasn't adequately advised of his right to counsel, and I didn't understand it. Well, there was never a waiver of the right to counsel. When he went in, he was thought that that was a, that he would have a chance for another hearing. The immigration judge did not ask him if he was waiving, if he wanted to have counsel present. It just was a, you know, question, do you have counsel, do you have counsel here today, basically, and he said no. And then that was, then the immigration judge went on with the proceeding. And that was at the appeal level, because the immigration judge in this context is the appeal, right? Yes, the review of the asylum officer's credible fear finding. There was more of a discussion before the asylum officer, but maybe it, whether or not it's enough, I don't know, but you're focused on the appeal before the IJ, and whether there was a waiver there, right? Yes, correct. And am I right that before the asylum officer, it seems that your current client thought that you were his lawyer? Yes. So, had you been planning to be before the IJ? Yes, in fact, I told him, I asked him when he goes into the hearing to request a continuance so that I could, you know, be present one way or another at the immigration judge hearing. But somehow he was there by himself without you. He was there, yes. I mean, the case went forward without me present. And he, you know, he didn't, the judge didn't ask him if he wanted counsel present, and he didn't, he didn't specifically ask for a continuance. And, you know, in fact, he thought this was, that there would be another hearing at which I would be able to be present. But you haven't made any arguments about, like, he didn't have enough notice for you to have notice or anything like that. We're just talking about the waiver issue. We're talking about the waiver issue, correct. Correct. The right to counsel there is the same right that accrues in removal proceedings in which this court has held that in order for a way, you know, that there needs to be a waiver, a knowing and intelligent waiver of the right to counsel. And that's in Tawadros? Yes, among other. And has Tawadros been extended, I mean, is it clear that the Tawadros waiver applies whenever there's a right to counsel in an immigration proceeding? That the, so. So Tawadros, the Tawadros kind of colloquy that's required is just triggered purely by there being a right to counsel in an immigration proceeding? Yes, I think, yes. It doesn't depend on which type, in your view? In our view, no, it doesn't depend on what type. And further to that issue, when Section 1228 was enacted in 1996 by IAERA, the statute also provided in Section 1362, 8 U.S.C. Section 132, sorry, 1362 provided a right to counsel in any removal proceedings before an immigration judge. And these are quite clearly removal proceedings, proceedings to determine whether or not the person should be deported from the United States or removed from the United States. The regulations at the same time, at the time that this provision was enacted, also provided a right to counsel. At that time, it was in the CFR in 1995-96, Section 3.16 provided a right to representation in proceedings before an immigration judge. And these are clearly proceedings before an immigration judge. So we think the context then in which this statute was enacted is one in which it was presumed that the person would have a right to counsel, the same right to counsel that accrues in removal proceedings generally. And I'm missing something here. It's not a criminal case. It's arguable that it ought to be treated like a criminal case, but it hasn't been. And what's typically going to happen is the person has a right to counsel. Lawyers are protected by the 13th Amendment from being compelled to work for free. Ordinarily, they require that the client come up with some money. And the client doesn't come up with the money, they don't get a lawyer for that hearing. And here, it looks like at both levels, he was invited to have a lawyer present, and he said he didn't have one who could be present at that time, and they went on. And he didn't ask for any relief so that he could get a lawyer. What have I missed in the record? Well, under this court's case law, in order for the proceedings to go forward, there has to be a knowing and intelligent waiver of the right to counsel. And our argument is that that didn't happen. In fact, he went in expecting that he would have a right to counsel. Where are the words in the record that show that? In the transcript, and I don't think I can point to the exact page. But the judge asked the question, do you have a lawyer? And he said no, he didn't have a lawyer that day. And then the judge just went on. And what's the matter with that? The judge did not ask whether he wants to have a lawyer present with him. He went into that hearing expecting that it was just an initial hearing, like a master what typically in the removal proceedings would be. How do we know what he expected? Well, when he filed the petition for a stay of removal, he submitted a declaration explaining what he understood about the proceeding. So that's in the record, in this record, a declaration that was attached to this court when he sought a stay of removal. Do you want to reserve time for rebuttal?  Okay. Thank you, Your Honor. May it please the court, Nehal Kamani for the respondent. It's very important to note at the outset that these were expedited reasonable fear proceedings, not 240 removal proceedings. As such, the procedures that are involved in reasonable fear proceedings are different from that of 240 proceedings. And as this court has noted in both Bartolome and Gomez-Valesco, the reasonable fear regs were promulgated to meet the competing demands between several different statutes. There was 1228, which is the expedited removal statute, which was the reason petitioner here was placed into expedited removal proceedings as an aggravated felon. And that statute says he has a right to counsel. So that statute, which authorizes DHS to issue a final administrative removal order and outlines some of the steps that are associated with issuing that order, provides that an alien shall have the privilege to have counsel assist with reviewing the evidence that's associated with that removal order, as well as possibly rebutting the charges that are in the removal order. If you look further at the statute, at the expedited removal statute 1228, it says nothing about protection from removal. And that's where the reasonable fear regs come in. It is meeting the demands of both 1228 as well as other statutes like 1231B3- The provision says the alien shall have the privilege of being represented at no expense to the government by such counsel authorized to practice in such proceedings. How do you know that's only for reviewing the evidence outside the proceeding? Where do you get the extra stuff you just said? It sounds like you're saying he has a right to counsel to help him review the evidence but not to appear before the adjudicator. 1228 only deals with the initial removal order that DHS executes. So the notice of intent to issue a FARO and then ultimately the FARO that- Well, it's under the heading of expedited proceedings. Isn't this an expedited proceeding? This is an expedited proceeding, correct. And the regulation that- so just tracing it back, so the regulation 8 CFR 208.31G says it's interpreting this provision and then the Executive Office of Immigration Review says it's interpreting that regulation. So how do we get off the track where this is a relevant provision for this context? So there's two regulations, Your Honor. There's 208.31 and that is the- Sorry, I'm sorry. I got the regulations mixed up for a moment. There's 238.1, which is the regulation that implements 1228, the expedited removal proceedings. And then there's 208.31, which is the reasonable fear regs. Two separate regulations. Now, as I was stating, 1228 simply deals with the process of issuing that notice of intent and that final administrative removal order. After that, the procedures that are outlined in 208.31, the reasonable fear regs outline the steps that need to be taken thereafter if an alien claims to fear. But both regulations, so 208.31 and 238, both say in their heading that they're implementing 238B of the Act. They both say that they're going back to that provision of the Act, which says they have the right to counsel. Right, but they're implementing different parts of- 208.31, the reasonable- Sorry. Now I'm getting them confused. I apologize, Your Honor. I'm not even sure why it matters, though, because my point is that both of them say they're implementing this provision of the Act, and the provision of the Act says that there's a right to counsel. So how can you have a regulation? It's not really the regulation, because the regulation doesn't say. It's the interpretation of the regulation. How can you get from a statute that says there's a right to counsel to an interpretation that says there's not? Because the right to counsel is, again, as I said, for that limited purpose of rebutting the charges that are in the final administrative removal order. Then that individual, they can either waive any proceedings thereafter or they can claim that they fear persecution or torture in their home country. So how can we tell that from the statute? Try again to explain, please, how we know from the statute. The statute makes no mention of a claim of any sort of relief associated with a claim of fearing torture or persecution in their home country. But if the statute says you're going to have counsel for this proceeding, then once the agency says that's part of the proceeding,  Because the reg itself that discusses hearings before an IJ, which is the reasonable fear reg, is absolutely silent on any sort of right to counsel in a hearing before an IJ. And that's where the EOR policy memo, which this Court cited to in its order, comes into play. It notes that it is silent on this point and therefore gives the immigration judge discretion on the issue. But do you agree that you can never have an interpretation, just because it's two steps. You have a regulation that's silent and then you get an interpretation of the regulation. You don't get our deference for an interpretation that's inconsistent with the statute, right? But it's our position that it is not inconsistent with the statute. Our position as the 1228 statute relates only to that initial process of authorizing DHS to execute in order of removal against an alien, as outlined in this Court's case in Gomez-Valesco. After that, once the alien is placed into reasonable fear proceedings, and not all aliens who are in expedited proceedings are placed into reasonable fear proceedings. Only those who claim a fear of persecution or torture are placed in reasonable fear proceedings. At that point, there's a reasonable fear regulation that governs the process for that proceeding. And is there a different statute that speaks to that? For the reasonable fear reg? As I was stating earlier, the reasonable fear reg is a combination of several statutes. You have the expedited removal statute, so it's looking to have these proceedings to be efficient, expedited, streamlined. And also with Congress's intent from 1231b-3 and FAR, which is the Foreign Affairs Reform and Restructuring Act, to make sure that these individuals, if they have a fear of persecution or torture in their home country, that they're given the opportunity to present that claim. So they're trying to combine two intentions. They're trying to combine the intention of having a streamlined proceeding with the intention of giving these aliens an opportunity to present a claim of fear of persecution or torture. And that's where the reasonable fear regs come in. They provide a process for that. So it's not just one. The reasonable fear regs were not just promulgated because of 1228, the expedited removal statute, but because of these three different statutes that have competing demands. Do the other two speak specifically to whether there's counsel? Because it seems like one of them suggests there's counsel in such a proceeding. Neither 1231b-3 nor the FAR speak directly to any sort of right of counsel. And it's the government's position that there is no statutory or regulatory right to counsel in reasonable fear hearing before an immigration judge. And that's why we believe that deference. I don't understand something there. Sure. I must be misunderstanding. I'm picking up that you're not saying, yeah, I had a right to counsel, but at no cost to the government. That's what the statute says. And he just didn't exercise that right either because he didn't have the money to hire a lawyer, chose not to, whatever. But I think you're saying there's no right to have a lawyer present. There's no right to counsel. Is that right? It's discretionary. So he could have a lawyer walk in with him, and the judge could say, you go out. No lawyers here. That's where the notices come. No, but that is your position. Your position is that the IJ, it's up to the IJ's discretion. So if the IJ says, sorry, my discretion is no counselor allowed in the room, that's exactly what you're arguing, I think, that they would be kicked out at that point. The policy memo does not give examples. It simply says that this is left to the IJ's discretion. You're saying that the memo really does let the IJ kick the lawyers out of the courtroom then. There's nothing to indicate that that is what is practiced. And, in fact, what the – I'm not asking what is practiced. I'm trying – you – well, I guess. That is what they're arguing, I think. That's what you're saying. The memo says it's discretionary by the IJ. And I think the follow-up question related to what Judge Kleinfeld is asking is, I didn't understand your brief to make any argument about our court's normal doctrine on the kind of colloquy that's required for a waiver, the Tawadros case and others that talk about the kind of waiver that's required in an immigration context when someone has a right to counsel to say I want to proceed without counsel. You haven't made any argument that that was satisfied by the IJ here. Right? What we do argue, Your Honor, is that these were not removal proceedings. These were reasonable fear proceedings. So that gets back to there is no right to counsel, not to the – Sorry. Not to any argument that a colloquy was sufficient here. Yes. Why are you arguing this? I mean, the IJ didn't throw – he didn't show up with a lawyer and then the IJ threw his lawyer out. I don't understand why you're arguing that the IJ had that discretion unless what you mean to do is concede that he didn't adequately give up his right to a lawyer. So you're arguing he didn't have one anyway. Well, that is part of this case as well. There was no – he was giving two notices prior to his immigration judge hearing, both of which stated that if he wished to be represented by counsel at the hearing, he should appear with counsel at the hearing. But under Tawadros, that's not enough, right? But Tawadros applies to 240 removal proceedings. Okay. So that gets back to your argument that he didn't have a right to counsel here. Yes. And you are not arguing – wait. Could I finish my question? You're not arguing that he is – that he had a proper waiver here under Tawadros. If he had a right to counsel, that this counted as a proper waiver. You're not arguing that. Tawadros does not apply because these are not 240. Which is a way of saying he doesn't have a right to counsel here. It is discretionary is what we are arguing. So you're saying that this is like those colleges and universities where someone is accused of some sex offense and shows up with a lawyer and the discipline board tells the student, no, you can't have lawyers in here, and throws them out. You're saying that's like this. To be clear and to make sure – I hope I'm not leading the Court down the wrong road. What I mean to say is that this is a streamlined proceeding. And so the reason that IGs are given discretion is to prevent unnecessary delays. And so that if an alien appears at court or before the immigration judge and requests a continuance to obtain counsel, it can only be granted, as the regulations say, in exceptional circumstances. These proceedings are meant to be completed within 10 days of the notice of referral being filed with the immigration court. It is meant that the process be streamlined and efficient. It is not meant to allow the IG to kick out an attorney who appears. It is meant to prevent unreasonable delay. We've taken you over your time. Thank you, counsel. Thank you. You still had some time for rebuttal. Thank you. Just a couple points. One, there's been some discussion about whether this regulation, 208.31G, is inconsistent with the statute, and I've argued that it is. Also relevant, though, is it's really inconsistent with the regulatory framework and the entire regulatory framework, which means that it's not really the OPPM, the policy memorandum should not be given our deference. The broader regulatory framework is the regulations under HCFR Section 1238.1 that implement the expedited proceeding. And there, under Section B.2, the notice that goes out is supposed to provide information that the respondent has a right to counsel and has a right to request withholding of removal. And furthermore, in Section F.3, where the respondent has a right to get review of that in front of an immigration judge. So it wouldn't make sense for the regulation to provide that right to counsel and a right to request for withholding of removal if you didn't have it in the withholding of removal part. I think the relevant regulatory framework shows that the person has the right to counsel as well. And then last, whatever the court rules on due process, the right to counsel, and of course we think that he did have a right to counsel that was violated, but whichever way the court rules on that, the decision of the immigration judge really was defective. It was just not legally adequate. Given the record that's there, you know, the fact that he testified in open court against these gang members and faces retaliation, there's a reasonable possibility that he'll be successful. And the court really does need to remand this back to an immigration judge where he has the right to counsel. If it gets remanded, hopefully that will work out. And next time you would appear, you would be there. And that's what we believe needs to happen. Did you have another question? Oh, no. Okay, thank you both sides for the helpful arguments.
judges: Kleinfeld, Friedland, Pauleyiii